UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHANIE WEIR,

       Plaintiff,

v.                                      CASE NO. 3:19-cv-278-J-34JBT

ANDREW M. SAUL,
Commissioner of the
Social Security Administration,

       Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying her application for Supplemental Security Income. In a decision dated March 14, 2018, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, within the meaning of the Social Security Act, since November 4, 2015, the date the application was filed. (Tr. 15–27.) Having considered the parties' memoranda and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**REVERSED and REMANDED** for further administrative proceedings.

### I.     Issue on Appeal

Plaintiff makes the following argument on appeal: "The ALJ failed to provide good cause for disregarding the treating source medical opinion of Plaintiff's cardiologist Alfred Thomas Romero M.D."  (Doc. 14 at 3.)

### II.    Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted).  "With respect to the Commissioner's legal conclusions, however, our review is *de novo*."  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   The ALJ's Decision

At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 4, 2015.[2]  (Tr. 17.) At step two, the ALJ found that Plaintiff had the severe impairments of:

---

[2] The sequential evaluation process is described in the ALJ's decision.  (Tr. 16–17.)

2

> [C]oronary artery disease (CAD) status post stent placement; chronic obstructive pulmonary disease (COPD); degenerative disc disease of the lumbar and cervical spine; diabetes mellitus; diabetic neuropathy; hyperthyroidism; hypertension; obesity; obstructive sleep apnea (OSA); a history of headaches; and a history of right Achilles tendon tear (20 CFR 416.920(c)).

(Tr. 17.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 19.) Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> [T]o perform less than the full range of light work as defined in 20 CFR 416.967(b). The claimant has the ability to lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently; sit for four hours at a time and a total of eight hours during an eight-hour day; and stand and/or walk for two hours at a time and a total of six hours during an eight-hour day. The claimant cannot climb ladders, but can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl. The claimant has no limitation regarding manipulation, vision, or communication. The claimant has environmental limitations precluding concentrated exposure to extreme temperatures and respiratory irritants. The claimant does not have significant mental limitations.

(Tr. 19.)

At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (Tr. 25.) However, at step five, the ALJ found that considering Plaintiff's age (forty-seven on the date the application was filed), education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25–26.) Therefore, Plaintiff was not disabled. (Tr.

26–27.)

**IV.     Analysis**

Plaintiff argues that the ALJ failed to articulate good cause, supported by substantial evidence, for discounting the opinions of her treating cardiologist, Dr. Romero. (Doc. 14 at 8–13.)  The undersigned agrees and so recommends.

To discount the opinions of a treating doctor, the ALJ is required to provide "good cause."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2014).  Good cause to discount a treating doctor's opinion exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.* at 1240–41.  The Court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it."  *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).  "Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  *Winschel*, 631 F.3d at 1179.  The ALJ's decision must allow for meaningful review.  *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).[3]

---

[3] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds*

4

The ALJ summarized Dr. Romero's opinions as follows:

> In January 2017, Dr. Romero completed a residual functional capacity assessment. He noted that he was treating the claimant for angina pectoris, depression, anxiety, prediabetes, coronary artery disease, hyperthyroidism, hypertension, obstructive sleep apnea, pulmonary hypertension, and arterial vasospasm. He opined that the claimant could sit three to four hours in an eight-hour workday and stand 15 minutes or less at one time. He could not rate how [sic] the claimant would be able to stand/walk total in an eight-hour workday. He opined that the claimant could lift/carry one to five pounds 2/3 of an eight-hour workday. He opined that the claimant could only use her arms to push/pull up to one and a half hours of an eight-hour workday. He indicated that her symptoms would cause moderate difficulties in concentration, persistence, or pace, up to 1/3 of an eight-hour timespan. He noted that his opinions were based on direct observation, clinical testing, patient report, and physical examination (Exhibit 12F).

(Tr. 23, 728–31.)

In addressing these opinions, the ALJ stated:

> No weight is given to the opinion of Dr. Romero, which would not allow for an eight-hour workday, as this is inconsistent with the limited objective medical findings, the notation of improvement with treatment, and the claimant's demonstrated activity level. It is also inconsistent with her later report of working as a housekeeper (Exhibit 13F/2).

---

*Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

5

(Tr. 25.)

The first reason the ALJ gave for discounting the opinions of Dr. Romero was that such opinions were "inconsistent with the limited objective medical findings." (Tr. 25.) However, the ALJ did not identify what "limited objective medical findings" he was referring to and did not explain how any such findings were inconsistent with Dr. Romero's opinions. Thus, the undersigned recommends that this reason is too conclusory to allow for meaningful review, and does not provide good cause, supported by substantial evidence, at least without further explanation. The ALJ did refer to the results of a number of objective cardiac tests throughout the decision. (Tr. 20–24.) However, it is still unclear what specific "limited objective medical findings" the ALJ believed were inconsistent with the opinions of Dr. Romero, and how.

The second reason the ALJ gave for discounting the opinions of Dr. Romero was "the notation of improvement with treatment." (Tr. 25.) Again, the ALJ did not specify what notation he was referring to, or how any such notation was inconsistent with the opinions of Dr. Romero. Moreover, in describing Dr. Romero's treatment notes, the ALJ did not identify any reference to improvement with treatment. (Tr. 21–24.) Thus, the undersigned recommends that this reason is insufficient to provide good cause, at least without further explanation.

The third reason the ALJ gave for discounting the opinions of Dr. Romero was "the claimant's demonstrated activity level." The ALJ described those activities as follows:

6

> She lives independently with her mother and brother, and drives two times a week to the grocery store or her mother's doctor appointments. She does some household chores, washes laundry and hangs clothes, and makes simple meals, such as sandwiches or cereal. She grocery shops at Walmart, reportedly using an electric cart. She also attends church at the Latter Day Saints Ward in her neighborhood. She is able to take care of her personal needs, although not shaving her legs. She also plays games on her Kindle Fire and watches a lot of television.

(Tr. 24.)

Although the ALJ described Plaintiff's activities, he did not explain how those limited activities were inconsistent with any of the opinions of Dr. Romero, and any inconsistency is not otherwise clear. Thus, the undersigned recommends that this reason is insufficient to provide good cause, at least without further explanation.

The fourth and final reason the ALJ gave for discounting the opinions of Dr. Romero was Plaintiff's "later report of working as a housekeeper." (Tr. 25.) The ALJ was referring to an entry in Dr. Romero's treatment note dated August 8, 2017 that "apart with some help from the church she is also working housekeeping." (Tr. 733.) No further information is given in the notes or anywhere else in the record regarding this work. Although this entry does appear relevant in evaluating Dr. Romero's opinions, the ALJ did not specifically explain how this entry was inconsistent with Dr. Romero's opinions. Of note, the entry does not indicate how many hours per day or per week Plaintiff was working, nor does it provide any particulars at all about this work. The ALJ also did not identify any specific opinion of Dr. Romero that was inconsistent with this entry, and why. Therefore, the

7

undersigned recommends that this reason is also insufficient to provide good cause, at least without further explanation.

### V.     Conclusion

In conclusion, the undersigned recommends that the ALJ failed to articulate good cause, supported by substantial evidence, for giving the opinions of Dr. Romero no weight, at least without further explanation.  Accordingly, it is respectfully recommended that the Court enter an order stating in substance:

"1.     The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner, in accordance with this Order, to: (a) articulate good cause, supported by substantial evidence, for discounting the opinions of Dr. Alfred Thomas Romero, or reconsider the weight given to those opinions; (b) reconsider Plaintiff's RFC if appropriate; and (c) conduct any further proceedings deemed appropriate.

2.     The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

3.     Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit

calculation stating the amount withheld for attorney's fees.  *See* In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov 13, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

**DONE AND ENTERED** at Jacksonville, Florida, on October 21, 2019.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record